[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on April 4, 1970 in Verona, New Jersey. The defendant has resided continuously in this state since June 1980. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 28 years. The three children issue of the marriage are all over the age of majority. The defendant had custody of his five year old child at the time of the marriage and this child was also raised by the plaintiff and the defendant.
The parties lived in New Jersey during the early years of this marriage. Although the defendant had several jobs, he did always work and contributed to the support of his family. The plaintiff's family assisted the parties financially during the early years of their marriage and when the defendant was between CT Page 12547 jobs.
The plaintiff did some crafts and sewing for extra money, in addition to raising the four children and running the household.
The parties moved to Connecticut in May 1980 to accommodate the defendant's employment. The parties purchased the present marital home in 1981. Both parents assisted the parties financially in this purchase.
The plaintiff obtained a full time job in 1984 earning $20,000 a year which provided the family with medical coverage. She held this job for approximately 8 1/2 years. There were occasions when the plaintiff earned more than the defendant.
For whatever reason, the parties drifted apart and, in July 1995, the plaintiff left the marital home and went to New Jersey. The parties have been separated since that time. The plaintiff instituted this dissolution action in September 1997.
The parties have substantial credit card debts and college loans. They have refinanced their home several times during the course of their marriage. The parties had financial problems in New Jersey as well as in Connecticut. Both parties did flea markets and odd jobs to supplement their income. The plaintiff sold her engagement ring, sold a lot and borrowed from her parents on occasion.
The plaintiff felt the marriage broke down during the last five years the parties were together. The defendant claimed he did not know why the marriage broke down.
The plaintiff is 50 years old and in good health. She is gainfully employed in New Jersey earning approximately $623 per week gross.
The defendant is 56 years of age and in good health. He is also gainfully employed at this time earning approximately $757.94 per week gross. He also collects $750 per month rent from the parties' third floor apartment.
The plaintiff did not contribute any funds to the marital home during the three years she was in New Jersey. She did, however, take the credit card debt and continues to make payments on these obligations. CT Page 12548
The defendant did not contribute any support to the plaintiff while she was in New Jersey. He was unable to maintain the marital home on his own and borrowed approximately $7,000 from his girlfriend to pay a mortgage arrearage on the marital home. The defendant, his girlfriend and her 11 year old son presently reside in the marital home.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The plaintiff testified the marital home had a value of $270,000 to $280,000. The defendant's real estate appraiser gave a fair market value of $224,000. The mortgage balance is approximately $174,600. The home has a third floor apartment which is rented for $750 per month. The defendant has been collecting this rental income since the parties separated.
The defendant has a small pension and a 401(k) of approximately $2,200. There are no other assets.
The court has carefully considered the statutory criteria in reaching the decisions reflected in the orders that follow.
Real Estate
1. The marital home located at 862 Grassy Hill Road, Orange, Connecticut, shall immediately be listed for sale with a listing price of $265,000. The parties shall agree on a broker/real estate agent within ten days of date. If the parties are unable to agree on a broker/real estate agent within ten days, each party shall choose an agent and the agents shall then pick a third person as the broker/real estate agent.
2. The defendant shall be solely responsible for the mortgage, taxes, insurance, upkeep and maintenance of the property until such time as the property is sold.
3. The defendant shall cooperate with the listing agent and maintain the premises in a neat and clean condition for purposes of showing the property to prospective buyers.
4. Upon the sale of the premises, after the payment of the mortgage, broker's commission, attorney's fees and usual closing CT Page 12549 costs, the net proceeds shall be divided 55% to the plaintiff and 45% to the defendant.
5. The parties shall accept any offer within 3% of the listing price.
6. The court shall retain jurisdiction over any disputes arising out of the sale of the marital home.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of one dollar per year, until the death of either party or the plaintiff's remarriage.
Personal Property
1. The plaintiff shall be entitled to the following items of personal property:
a) Oak piece with mirror given to wife by late brother-in-law;
b) table given to wife by her grandfather;
c) dresser and end table from wife's childhood;
d) microwave;
e) small bench outside of back porch door;
f) oil painting of wife;
g) collectible liquor bottle; and
h) two ceramic wall hangings.
The plaintiff shall remove said items from the home within 60 days of date.
Debts
1. The defendant shall be solely responsible to pay the GMAC debt of approximately $6,000. Said sum plus any interest of attorney's fees or late charges shall be paid from the defendant's net proceeds of the sale of the real estate, or upon CT Page 12550 transfer of the real estate title, if not sooner paid.
2. The defendant shall reimburse the plaintiff the sum of $1,741.06 toward her medical/dental expenses from his net proceeds of the sale of the real estate or upon transfer of the real estate title.
Miscellaneous
1. The plaintiff shall be entitled to 50% of the defendant's pension plan which shall be secured by means of a QDRO.
2. The defendant shall be entitled to his 401(k) savings plan.
3. Each party shall be responsible for their own medical and dental expenses hereafter. The plaintiff shall be entitled to COBRA benefits, if available, through the defendant's employment, at her sole expense.
4. The defendant shall be responsible for the tenant's security deposit.
Change of Name
The plaintiff is granted a change of name to Barbara J. Filippi.
Counsel Fees
The plaintiff is awarded counsel fees in the amount of $1500 to be paid forthwith.
Coppeto, J.